UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 03/31/222

| | |
|---|---|
| FALLS LAKE NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEXUS BUILDERS CORP., THO BINH PHAN, HIP WAH HING REALTY CORP., UNITED KING CONSTRUCTION CORP., PANCARE PHARMACY, INC., and HUAN DA XIAN TAOIST TEMPLE, INC.,<br><br>Defendants. | No. 21-CV-1403 (RA)<br><br><u>MEMORANDUM<br>OPINION & ORDER</u> |

RONNIE ABRAMS, United States District Judge:

On February 17, 2021, Plaintiff Falls Lake National Insurance Company ("Falls Lake") filed this action against Nexus Builders Corporation ("Nexus"), Tho Binh Phan, Hip Wah Hing Realty Corporation, United King Construction Corporation, Pancare Pharmacy, Inc., and  Huan Da Xian Taoist Temple, Inc, seeking a "judgment declaring that [certain insurance] policies are rescinded *ab initio* and that it has no duty to defend or indemnify any party or pay any judgment or settlement as to [certain] claims asserted" against it in connection with an injury that Tho Binh Phan suffered near a construction site in 2020.  Compl. at 26.  On April 20, 2021, Plaintiff filed a motion for default judgment against all Defendants, which remains pending against Nexus, Tho Binh Phan, United King Construction, and Huan Da Xian Taoist Temple, none of whom have appeared in this action (the "defaulting Defendants").   Defendant Hip Wah Hing Realty Corporation ("Hip Wah Hing") has since appeared, and filed a motion to dismiss the action, contending that Plaintiff's claim is not yet ripe.

For the reasons that follow, Hip Wah Hing's motion to dismiss is granted in part and denied in part. Plaintiff's motion for default judgment is denied, without prejudice to refiling it against the defaulting Defendants once any claims against Hip Wah Hing have been resolved.

## BACKGROUND[1]

On August 10, 2019, Defendant Nexus executed a contract to perform construction work at 20-22 Bowery/2-8 Pell Street in New York (the "Bowery Project"). *See* Compl. ¶ 11; Johnson Aff. 1 Ex. D. Plaintiff asserts that Nexus' work on the Bowery Project was "performed for" Hip Wah Hing. *See* Opp. Mem. at 3. Defendant United King Construction also performed work at this site. *See id.* Ex. C. While the construction project was ongoing, Defendants Pancare Pharmacy and Huan Da Xian Taoist Temple were tenants at 20 Bowery and 22 Bowery, respectively. Johnson Aff. 1 Ex. B; *see also* Dkt. 34.

Shortly after executing the contract to perform work at the Bowery Project, Nexus obtained an insurance policy from Plaintiff Falls Lake that provided coverage for a period of one year, beginning August 12, 2019. Compl. ¶ 10; *see also* Johnson Aff. 1 Ex. A. When this policy expired, the parties executed another agreement for the following year. Compl. ¶ 10.

On February 20, 2020, Defendant Tho Bihn Phan was injured while walking on the sidewalk in front of 20-22 Bowery. Compl. ¶ 8. He claimed he was "struck on the head by debris and caused to fall due to hazardous conditions." Johnson Aff. 1 Ex. B. Six months later, on August 25, 2020, his attorney sent a letter to Nexus, Hip Wah Hing, United King Construction, Pancare Pharmacy, and Huan Da Xian Taoist Temple (the "demand letter"). *Id.* He requested that the matter be forwarded to Defendants' liability insurance carrier or attorney for proper handling. *Id.*

---

[1] Unless otherwise noted, the following facts are drawn from Plaintiff's Complaint, as well as the exhibits filed in connection with its motion for default judgment and opposition to the motion to dismiss. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings, and this Court has done so. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In November 2020, AmTrust North America acting on behalf of Wesco—Hip Wah Hing's general liability insurer—sent a tender letter to Falls Lake. *See* Johnson Aff. 2 Ex. B. Wesco took the position that Nexus, and Falls Lake as Nexus' insurer, was required to "defend and indemnify Hip Wah Hing [] under the terms of their work contract, common-law principles and the terms of Nexus' insurance policy." *Id.*

Falls Lake then began an investigation, and allegedly determined that Nexus had made "misrepresentations" in its applications concerning the scope of its operations, the work it performed, and its business. *See* Compl. ¶¶ 11-14, 26.[2] Had Nexus not made these representations, Falls Lake alleges it would have issued Nexus "vastly different" policies, if it would have issued any policies at all. *Id.* ¶¶ 27-29. Much of the work performed by Nexus was also purportedly excluded by the policies, and thus, according to Falls Lake, any injury in connection with that work is not covered. *See id.* ¶¶ 33-62.

On February 17, 2021, Falls Lake filed its Complaint initiating this action, seeking a declaratory judgment that the "policies are rescinded *ab initio*" and "that it has no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted in the Phan Claim." Compl. at 26. All Defendants were then served, but none of the Defendants answered. *See* Dkts. 18-23. After Plaintiff sought and received a Clerk's Certificate of Default as to each Defendant, and filed a motion for default judgment against all Defendants, Pancare Pharmacy and Hip Wah Hing both appeared. Pancare Pharmacy was voluntarily dismissed, and Hip Wah Hing and Plaintiff filed a stipulation extending Hip Wah Hing's time to answer. Hip Wah Hing initially

---

[2] In particular, Falls Lake alleges that Nexus: (1) represented it did not engage in "exterior work involving more than three stories" but performed such work at the Bowery Project, Compl. ¶¶ 15-17; (2) represented that it did not have subcontractor costs exceeding 20% of its total "receipts," but subcontracted the entire Bowery Project, *id.* ¶¶ 18-20; (3) stated it did not work with subcontractors that did not carry general liability insurance, but then contracted with several subcontractors at the Bowery Project who did not have general liability insurance, *id.* ¶¶ 21-22; and (4) represented that it did not perform so-called "hot work," but performed hot work at the Bowery Project, *id.* ¶¶ 23-24.

3

filed an answer, which included four affirmative defenses, but has since filed the present motion

to dismiss under Rule 12(b)(1).  Also now before the Court is Plaintiff's default judgment motion

as to Nexus, Tho Binh Phan, United King Construction, and Huan Da Xian Taoist Temple.

## DISCUSSION

### I.   Ripeness of the Declaratory Judgment Action

Hip Wah Hing's Rule 12(b)(1) motion is a threshold challenge to the Court's subject matter

jurisdiction.  As such, it must be resolved before the Court may turn to the default judgment

motion.  *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended*

(Jan. 9, 2018).[3]  "A case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss

for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence

outside the pleadings."  *Id.*  Plaintiff bears the burden of proving by a preponderance of the

evidence that subject matter jurisdiction exists.  *Id.*  "It is settled that in diversity actions . . . federal

law controls the justiciability of declaratory judgment actions."  *Stoncor Grp., Inc. v. Peerless Ins.*

*Co.*, 322 F. Supp. 3d 505, 512 (S.D.N.Y. 2018).

The Declaratory Judgment Act "enlarged the range of remedies available in the federal

courts but did not extend their jurisdiction."  *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896

F.3d 174, 181 (2d Cir. 2018).  To establish jurisdiction in a declaratory judgment action, a party

must therefore show that there is "a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  In the context of insurance

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

disputes, "that the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action;" instead, courts "focus on the practical likelihood that the contingencies will occur" to determine whether there is a substantial controversy. *Assoc. Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). Even where these conditions are satisfied, courts may, in their discretion, decline to "exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). In evaluating whether to hear declaratory judgment actions, courts in this Circuit often look to "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Id.*[4]

Plaintiff's Complaint seeks three distinct declarations, although they are pled as a single claim: (1) that the policies are rescinded *ab initio*; (2) that it has no duty to defend any Defendant; and (3) that it has no duty to indemnify any Defendant or pay any party in connection with Phan's injury. *See* Compl. at 26; *see also* Dkt. 26. Hip Wah Hing contends that because the injured pedestrian, Phan, has not filed a lawsuit, none of these questions are ripe for adjudication. Plaintiff responds that the demand letter, together with the tender letter from Hip Wah Hing's insurer, are sufficient to establish a live controversy between the parties. For the reasons that follow, the declaratory judgment claim may proceed as to rescission, but not with respect to the duties to defend and indemnify.

---

[4] "Other circuits have built upon this test, to ask also: (1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." *Dow Jones*, 346 F.3d at 359-60. None of these additional factors are applicable to the circumstances of this case.

A.    **Rescission of the Policies**

Whether Falls Lake may rescind the policies is a live controversy.  The Second Circuit

addressed the justiciability of a rescission claim in *Republic Ins. Co. v. Masters, Mates & Pilots*

*Pension Plan*, 77 F.3d 48, 51 (2d Cir. 1996).  There, the district court held that settlement of the

underlying cases had mooted any controversy between the insurer and the insured.  *Id.* at 51.  The

Second Circuit reversed, explaining that:

> The existence of a justiciable controversy does not depend on the pendency of a
> live claim against the insured.  Republic's claim to rescind its policies is by itself a
> justiciable controversy.  Republic could have brought the suit for rescission prior
> to the assertion of the claims advanced against the insureds in the Underlying
> Action, notwithstanding that there were no active claims pending at the time.
> Similarly, it is entitled to seek rescission after their settlement.

*Id.* at 54.  Although in *Republic* the insurer and the insured had already engaged in protracted

litigation, and no such litigation has yet taken place here, the Circuit's pronouncements that the

insurer's "claim to rescind its policies is by itself a justiciable controversy" and that the insurer

"could have brought the suit for rescission prior to the assertion of the claims advanced against the

insureds" apply with equal force to Falls Lake's rescission claim.  *Id.*; *see also United States*

*Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 765 F. App'x 534, 537 (2d Cir. 2019)

("US Underwriters does indeed have a justiciable claim.  We have held that rescission claims may

be justiciable even absent a pending claim.") (citing *Republic*, 77 F.3d at 50).

Moreover, unlike the claims related to the duties to defend and indemnify, there are no

outstanding contingencies that bear on the rescission question.  To rescind the policies, Falls Lake

will ultimately need to demonstrate that they were "issued in reliance on material

misrepresentations."  *Fidelity & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d

133, 139 (2d Cir. 2008).[5]   Plaintiff's rescission claim thus does not depend on whether Phan ultimately files a lawsuit, on the specific allegations he may include in a future complaint, or on any party's liabilities.  Accordingly, Falls Lake may proceed with respect to its claim for rescission.

### B.       Duty to Defend and Duty to Indemnify

The duty to defend and the duty to indemnify are distinct legal duties under New York law, and it is well-established that "an insurer's duty to defend is broader than its duty to indemnify." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 178 (1997).  Falls Lake seeks a judgment that "it has no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted in the Phan Claim."  Compl. at 26.  Hip Wah Hing argues, however, that the absence of a lawsuit precludes declaratory judgment as to the duties to defend and indemnify and that any assessment of Falls Lake's duties would be speculative.  The Court agrees.

Because an insurer's duty to defend is "exceedingly broad," typically requiring the insurer to defend "whenever the allegations of the complaint suggest a reasonable possibility of coverage," *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006), declaratory judgment claims "regarding a duty to defend against pending actions are generally justiciable," *FSP, Inc. v. Societe Generale*, No. 02-CV-4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003), *aff'd and remanded*, 350 F.3d 27 (2d Cir. 2003), *adhered to on reconsideration*, 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005).  Where there is a pending action or the insurer is actively providing a defense, courts routinely adjudicate declaratory judgment claims as to the duty to defend.  *See Lafarge Canada Inc. v. Am. Home Assurance Co.*, No. 15-CV-8957 (RA), 2018 WL 1634135, at *5

---

[5] The parties have assumed New York law controls in their briefing, and such implied consent is sufficient to establish choice of law. *See Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011); *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 41 n.2 (2d Cir. 2019).

(S.D.N.Y. Mar. 31, 2018) (finding that a declaratory judgment was ripe as to the duty to defend where the insurer was "currently providing a defense"); *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y. 2013), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013) ("There is no doubt that the parties' dispute over the [insurer's] duty to defend [the insured] in the underlying subrogation action is an active controversy."). Here, no lawsuit has been filed and Falls Lake has not provided a defense for any of the Defendants.

To be sure, declaratory judgment actions that have "future contingencies that will determine whether a controversy ever actually becomes real" are common in the context of insurance disputes. *Assoc. Indem. Corp.*, 961 F.2d at 35. Where such contingencies exist, however, a court must evaluate "the practical likelihood" that those relevant "contingencies will occur" to determine whether the action is ripe. *Id.*; *see also Admiral Ins. Co. v. Niagara Transformer Corp.*, No. 20-CV-4041 (ALC), 2021 WL 4460753, at *5 (S.D.N.Y. Sept. 29, 2021), *appeal filed*, No. 21-2733 (2d Cir. Oct. 29, 2021). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Plaintiff has not proven that the dispute between the parties regarding the duty to defend is one of "sufficient immediacy and reality." In particular, Falls Lake has not cited evidence that suggests Phan is likely to file a lawsuit that would require Plaintiff to defend Nexus or any other Defendant. Phan was injured more than two years ago, and the only action he has taken is having a demand letter sent to Defendants over eighteen months ago. Despite being named as a Defendant here and served twice in connection with this action, he has not appeared in this case in any

capacity. Plaintiff has thus not demonstrated the "practical likelihood" of a future event, which, if it occurred, would cause this controversy to "become[] real." *Assoc. Indem. Corp.*, 961 F.2d at 35; *see also Admiral Ins. Co.*, 2021 WL 4460753, at \*5 (finding that an insurer's declaratory judgment action regarding the duty to defend was not ripe where no actions had been filed against the insured, even though the insured had received a demand letter from a third party and had sent a letter demanding defense and indemnification from its insurer); *FSP, Inc.*, 2003 WL 124515, at \*4 (holding that a request for declaratory judgment on an insurer's duty to defend was "not justiciable to the extent it seeks a declaration regarding defendant's obligation to defend and indemnify plaintiff with regard to potential, unfiled claims").[6] Without such a showing, the dispute between the parties is not one "of sufficient immediacy and reality," *MedImmune*, 549 U.S. at 127, and a declaratory judgment on the matter would be premature.[7]

This same reasoning applies with even greater force to the duty to indemnify, which is triggered by a finding of liability. *See Lafarge*, 2018 WL 1634135, at \*5. Although there is no "*per se* rule" that this underlying liability must be established before a court may rule on a declaratory judgment action regarding the duty to indemnify, *id*., "where the key facts can and will be established in an underlying proceeding . . . the lack of ripeness is palpable," *Travelers Prop.*

---

[6] Plaintiff also argues that a controversy exists among the parties because it has a "duty to act promptly when it receives an insurance claim, particularly one involving bodily injury." Opp. Mem. at 7. While Falls Lake may have duties upon receipt of a claim under New York insurance law, the question of whether it has complied with those duties is distinct from whether it has a duty to defend or indemnify. *See Hester v. Navigators Ins. Co.*, 917 F. Supp. 2d 290, 299 (S.D.N.Y. 2013).

[7] Even if the inquiry regarding the duty to defend were ripe at this time, the Court would not exercise its discretion to hear it. "The declaratory judgment remedy is discretionary even if a party has a substantive claim of right to the relief he or she seeks." *Rapillo v. CitiMortgage, Inc.*, No. 15-CV-5976 (KAM) (RML), 2018 WL 1175127, at \*6 (E.D.N.Y. Mar. 5, 2018). In evaluating whether to exercise discretion to hear declaratory judgment actions, courts in this Circuit often look to "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Dow Jones*, 346 F.3d at 359. Neither purpose is served here. Although some abstract "uncertainty" may be relieved by a declaratory judgment as to the duty to defend, because the duty to defend against any lawsuit filed by Phan will depend on the factual allegations of his complaint, further litigation would likely be required to determine whether the Court's holding encompassed the relief sought by Phan in that hypothetical future action. For similar reasons, any ruling on the duty to defend based only on the demand letter also raises a risk of inconsistent judgments.

*Cas. Corp. v. Winterthur Int'l*, No. 02-CV-2406 (SAS), 2002 WL 1391920, at *6 (S.D.N.Y. June 25, 2002).  Here, an underlying case in which such facts would be raised and disputed has not even been filed, and, for the reasons stated above, may never be.  Accordingly, it is premature to rule on the duty to indemnify.

If Phan files a lawsuit or if other events relevant to Falls Lake's duties to defend or duty to indemnify transpire, Falls Lake may seek leave to refile its claims for declaratory judgment with respect to the duties to defend and indemnify.

## II.  Default Judgment

Turning now to Plaintiff's default judgment motion, which remains pending as to Nexus, Tho Binh Phan, United King Construction, and Huan Da Xian Taoist Temple, the Court concludes that granting default judgment against these remaining Defendants could prejudice Hip Wah Hing; the motion is therefore denied, albeit without prejudice.  "The question of when a district court may grant a default judgment—rather than merely a certificate of default—against one defendant in a multi-defendant case when other defendants continue to actively litigate has received extensive, and not always consistent, treatment in the Second Circuit, specifically, and federal courts, generally." *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *3 (S.D.N.Y. Sept. 23, 2017).  One consistent theme, however, is that a "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants." *Id.* at *5 (collecting cases).  Given the relationship of the parties and the nature of the declaratory relief sought, Hip Wah Hing could be prejudiced by entry of a default judgment against its co-Defendants. *See Century Sur. Co. v. Whispers Inn Lounge, Inc.*, No. 13-CV-9049 (LGS), 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (denying a default judgment motion regarding the rescission of an insurance policy because that relief would "decide the case" for the appearing

defendant).  Accordingly, Falls Lake's motion for default judgment is denied without prejudice to its renewal, pending the outcome of this case against Hip Wah Hing.

## CONCLUSION

For the foregoing reasons, Hip Wah Hing's motion to dismiss is granted in part and denied in part.  Falls Lake's motion for default judgment is denied without prejudice, and with leave to refile after resolution of the case as to Hip Wah Hing.

By April 15, 2022, Plaintiff and Hip Wah Hing shall confer and submit a joint letter proposing next steps in this litigation.  The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. 26 and Dkt. 41.

SO ORDERED.

Dated:   March 31, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge