USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FALLS LAKE NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

NEXUS BUILDERS CORP., THO BINH PHAN, HIP WAH HING REALTY CORP., UNITED KING CONSTRUCTION CORP., and HUAN DA XIAN TAOIST TEMPLE, INC.,

Defendants.

No. 21-CV-1403 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Falls Lake National Insurance Company filed this declaratory judgment action against six defendants—(1) Nexus Builders Corporation, (2) Tho Binh Phan, (3) Hip Wah Hing Realty Corporation, (4) United King Construction Corporation, (5) Pancare Pharmacy, Inc., and (6) Huan Da Xian Taoist Temple, Inc.—after Tho Binh Phan suffered an injury near a construction site in 2020. Only Hip Wah Hing and Pancare Pharmacy appeared. Before the Court is Falls Lake's motion for summary judgment declaring that the insurance policies it issued to Nexus are rescinded *ab initio*—that is, from their inception. It also seeks default judgment against the remaining four defendants. For the reasons that follow, Falls Lake's motion for summary judgment is granted, and its motion for default judgment is denied as moot.

## BACKGROUND

### I. Factual Background

On August 10, 2019, Nexus executed a contract to perform construction work at 20–22 Bowery/2–8 Pell Street in New York (the "Bowery Project Site"). *See* Pl.'s Mot. Ex. 11 at 1, Dkt.

No. 51–11. The work included installing "insulation stucco on the entire façade" and a new roof. *Id*. Falls Lake asserts that Nexus performed the construction work for Hip Wah Hing. *See* Pl.'s Opp'n Mot. Dismiss 3, Dkt. No. 42.

Nexus applied for and received a general liability insurance policy from Plaintiff Falls Lake two days after executing the contract. *See* Pl.'s Mot. Ex. 5 at 1, Dkt. No. 51–5. Specifically, Nexus sought coverage in connection with three classifications of work: driveway, sidewalk, or parking work; masonry work; and exterior painting work. On its application, Nexus stated that it did not (1) engage in exterior work involving more than three stories; (2) have more than seven full-time employees; (3) have subcontractor costs that exceed twenty percent of total receipts; and (4) perform any "hot work," involving welding, torching, and soldering. *See id.* at 2–3. The policy, Number SKP 2007005 10, covered the period August 12, 2019 to August 12, 2020, and a subsequent policy, Number SKP 2007005 11, extended coverage for another year. *See id*. Ex. 4 at 2, Dkt. No. 51–4.

Within several weeks, Nexus also applied for and received a work permit in connection with the Bowery Project Site. *See id*. Ex. 10, Dkt. No. 51–10. According to the application, Nexus planned to perform work on Floors 1 through 4 and the roof of the Bowery Project Site building. *See id.* at 2. Consistent with the construction contract, the permit authorized Nexus to perform stucco work on the building's façade. *See id.* at 1. United King Construction also performed work at the Bowery Project Site, while Pancare Pharmacy and Huan Da Xian Taoist Temple were building tenants while the construction was ongoing. *See id*. Ex. 9, Dkt. No. 51–9; Pl.'s Opp'n Mot. Dismiss Opp'n Ex. 4 at 5, Dkt. No. 42–4; Stipulation, Dkt. No. 34.

By letter dated August 25, 2020, Tho Bihn Phan's attorney informed the other defendants that he had suffered an injury while walking in front of the Bowery Project Site building that

February. *See* Pl.'s Mot. Ex. 9. The letter indicated that he had "sustained severe permanent injuries" after being "struck on the head by debris and caused to fall due to hazardous conditions." *Id*. It further requested that the recipients "forwarded [the] matter to [their] liability insurance carrier or attorney for proper handling." *Id*.

On February 17, 2021, Falls Lake filed suit, seeking a declaratory judgment that the insurance "policies are rescinded *ab initio*" and "that it ha[d] no duty to defend or indemnify any party or pay any judgment or settlement as to the claims asserted in the Phan Claim." Compl. at 26, Dkt. No. 1. All Defendants were served, but none answered. *See* Affs., Dkt. Nos. 18–23. Plaintiff then sought and received a certificate of default as to each defendant. *See* Req., Dkt. No. 24; Cert., Dkt. No. 25. After it filed a motion for default judgment against all defendants, Pancare Pharmacy and Hip Wah Hing appeared. *See* Notices, Dkt. Nos. 29, 31. Pancare Pharmacy was subsequently voluntarily dismissed from the suit. *See* Stipulation, Dkt. No. 34.

On June 18, 2021, Hip Wah Hing filed a motion to dismiss Falls Lake's complaint, *see* Mot. Dismiss, Dkt. No. 41, which the Court granted in part and denied in part on March 31, 2022, *see* Mem. Op. & Order, Dkt. No. 45. It concluded that Falls Lake's claim for declaratory judgment could proceed as to rescission, but not as to the duties to defend and indemnify given that Tho Binh Phan had not filed suit. *See id.* at 5. It also denied without prejudice Falls Lake's motion for default judgment against Nexus, Tho Binh Phan, United King Construction, and Huan Da Xian Taoist Temple, reasoning that granting the motion could prejudice Hip Wah Hing. *See id.* at 10.

On July 21, 2022, Falls Lake refiled its motion for default judgment, while also filing a motion for summary judgment *See* Pl.'s Mot., Dkt. No. 51. In its motion for summary judgment, Falls Lake argues that material misrepresentations in Nexus' insurance application warrant a declaration rescinding the insurance policies *ab initio*. *See id*. Ex. 13 at 7–13, Dkt. No. 51–13.

In support, it submitted underwriting guidelines and an affidavit of Vivalde Couto, vice president and head of underwriting for American European Insurance Group, stating that Falls Lake would not have issued the insurance policies but for the misrepresentations. *See id*. Ex. 6, Dkt. No. 51–6; *id*. Ex. 4 ¶¶ 4, 17–19.

On March 30, 2023, the Court denied without prejudice the motions for summary judgment and default; it further allowed Hip Wah Hing sixty days to obtain discovery so that it could respond to the evidence submitted by Falls Lake. *See* Order, Dkt. No. 57. On May 30, 2023, Falls Lake, with the consent of Hip Wah Hing, informed the Court that no additional discovery had taken place and renewed its motions for summary judgment and default. *See* Letter, Dkt. No. 58. The renewed motions are now before the Court.

## DISCUSSION

The Second Circuit "has expressed . . . its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Accordingly, the Court first considers whether the merits of Falls Lake's declaratory judgment action warrant summary judgment in its favor. It then addresses Falls Lake's motion for default judgment.

### I. Falls Lake's Motion for Summary Judgment

Falls Lake seeks summary judgment declaring that the insurance policies it issued are rescinded *ab initio*.

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *see* Fed. R. Civ. P. 56(a). An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe*, 542 F.3d at 35 (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248)).

In determining whether there is a genuine issue of material fact, the court views all facts in the light most favorable to the non-moving party. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). More generally, at the summary judgment stage of litigation, the moving party bears the initial burden of demonstrating that no genuine issue as to any material fact exists. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). If the moving party satisfies this burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*

Whether Falls Lake is entitled to a declaration rescinding the insurance policies it issued to Nexus is question of state law. *See, e.g.*, *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008). Here, it is a question of New York State law, as both the remaining parties who have appeared, Falls Lake and Hip Wah Hing, assume that New York law controls. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (observing that when parties assume a state's laws control, they impliedly consent to the application of those laws). Under New York law, an insurer may rescind an insurance policy if the insurer issued the policy in reliance on material misrepresentations. *See Fid. & Guar. Ins. Underwriters, Inc.*, 540 F.3d at 144. "[A]n insurance policy issued in reliance on material misrepresentations," moreover, "is void from its inception." *Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2d Cir. 1996).

A misrepresentation is a "[false] statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof." N.Y. Ins. Law §

3105(a); *see Fid. & Guar. Ins. Underwriters, Inc.*, 540 F.3d at 139. And "[a] misrepresentation is 'material' if [and only if] 'knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.'" *Mut. Benefit Life Ins. Co. v. JMR Elecs. Corp.*, 848 F.2d 30, 32 (2d Cir. 1988) (quoting N.Y. Ins. Law § 3105(b)); *see First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 118 (2d Cir. 1999).

"The materiality determination normally presents an issue of fact for the jury." *Mut. Benefit Life Ins. Co.*, 848 F.2d at 32. However, "where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine." *Id.* (quoting *Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*, 385 N.Y.S.2d 308, 310–11 (App. Div. 1976)). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application." *Illinois Union Ins. Co. v. Acer Restorations LLC*, No. 20-CV-1086, 2020 WL 6700788, at *1 (S.D.N.Y. Nov. 13, 2020) (quoting *Golden Ins. Co. v. PCF State Restoration, Inc.*, No. 17-CV-5390, 2020 WL 635533, at *3 (S.D.N.Y. Feb. 11, 2020)); *see also First Fin. Ins. Co.*, 193 F.3d at 119 ("New York courts have consistently held that to meet the burden of proof on materiality, an insurer must submit evidence of its underwriting practices with respect to similar applicants."). "A court may not rely merely on statements by representatives of the insurer that it would not have issued the policy but for the representation." *First Fin. Ins. Co.*, 193 F.3d at 119.

Falls Lake argues that Nexus made numerous misrepresentations in its application for insurance. *See* Pl.'s Mot. Ex. 13 at 7–9. Specifically, it contends that Nexus falsely answered "no" to the questions as to whether it (1) engaged in exterior work involving more than three stories;

(2) had more than seven full-time employees; (3) had subcontractor costs exceeding twenty percent of total receipts; and (4) performed any "hot work," involving welding, torching, and soldering. *See id.* More generally, Falls Lake argues that Nexus failed to disclose that it worked as a general contractor, instead representing itself as a small artisan contractor that performed only driveway/sidewalk, masonry, and painting work. *See id.* at 7–8.

In response, Hip Wah Hing concedes that it is not in a position to challenge Falls Lake's assertions, claiming that only Nexus possesses relevant documentary evidence. *See* Opp'n at 3, Dkt. No. 53. But Hip Wah Hing's "own lack of diligence and care" in obtaining documents is "no reason to deny" Falls Lake's motion for summary judgment. *Glover v. United States*, 111 F. Supp. 2d 190, 197 n.9 (E.D.N.Y. 2000). This is especially true given that the Court previously denied Falls Lake's motion for summary judgment without prejudice and provided Hip Wah Hing sixty days to obtain discovery—an opportunity it declined to take advantage of. *See* Letter, Dkt. No. 58.

The evidence proffered by Falls Lake demonstrates that there exists "no genuine issue" that some of Nexus' representations were false.[1] *Roe*, 542 F.3d at 35. Hip Wah Hing, meanwhile, offers no evidence to the contrary. Despite Nexus' representation that it did not "engage in exterior work involving more than [three] stories," its work permit application and construction contract indicate otherwise. Pl.'s Mot. Ex. 5 at 2. The work permit application makes clear that it intended to perform work on Floors 1 through 4 and the roof of the Bowery Project Site building, including stucco work on the building's façade. *See id.* Ex. 10 at 1–2. Consistent with the work permit, the construction contract similarly indicates that Nexus committed to installing "[i]nsulation [s]tucco

---

[1] The Court cannot conclude that "no genuine issue as to any material fact" exists regarding *all* of Nexus' alleged misrepresentations. *Roe*, 542 F.3d at 35. For example, Falls Lake's assertion that Nexus "made misrepresentations about its subcontractor costs and number of employees," Pl.'s Mot. Ex. 13 at 9, appears to rely on the "scope of the work" performed, *id*. Ex. 4 ¶ 19, but it sheds no further light on what the subcontractor costs were or how many employees would have been necessary to perform such scope of work.

on the entire façade" and a new roof. *Id*. Ex. 11 at 1. Falls Lake has thus established that Nexus' insurance application contained at least one misrepresentation.

Falls Lake further argues that Nexus' misrepresentations are material. *See* Pl.'s Mot. Ex. 13 at 8–13. It asserts that had it known of the true nature of Nexus' work—including that Nexus performs exterior work involving more than three stories—it would not have issued Nexus an insurance policy. *See id.* at 8, 11. Falls Lake reasons that Nexus' planned work would have been disqualifying under its underwriting guidelines, which it provides as support. *See id.* Hip Wah Hing once again responds only that it is in no position to rebut Falls Lake's contentions given that it possesses no relevant documents. *See* Opp'n at 4.

The underwriting guidelines and Vivalde Couto's affidavit leave "no genuine issue" that Falls Lake would have declined to issue the policies had Nexus truthfully represented that it performed exterior work involving more than three stories.[2] *Roe*, 542 F.3d at 35. Hip Wah Hing admittedly proffers no evidence suggesting otherwise. The guidelines demonstrate that contractors were only eligible for coverage pertaining to exterior work conducted on a maximum of three stories. *See* Pl.'s Mot. Ex. 6 at 2; *see also id*. Ex. 4 ¶ 15 (stating that the guidelines were applicable to the policies at issue). Couto confirmed this eligibility criterion in his affidavit, which states that the guidelines "make clear that Falls Lake does not insure[] contractors that perform exterior work exceeding three stories." Pl.'s Mot. Ex. 4 ¶ 15. Couto's affidavit further states that "had Falls Lake known th[e] true nature of Nexus' work, including that it performs exterior work exceeding three

[2] The Court cannot conclude that "no genuine issue at to any material fact" exists regarding the materiality of all of Nexus' alleged misrepresentations. *Roe*, 542 F.3d at 35. The underwriting guidelines, for instance, do not indicate that Falls Lake would not have issued the insurance policies if Nexus had accurately represented that its subcontracting costs exceeded twenty percent of its total receipts. Instead, the guidelines provide that contractors whose subcontracting costs represent less than fifty percent of their receipts are eligible for insurance. *See* Pl.'s Mot. Ex. Ex. 9 at 2.

stories, it would have never issued an insurance policy to Nexus." *Id.* at ¶ 18. Falls Lake has thus established that the misrepresentations in Nexus' insurance application were material.

In sum, the Court declares that insurance Policy Numbers SKP2007005 10 and SKP2007005 11 are rescinded *ab initio* because Falls Lake "issued [them] in reliance on material misrepresentations" in Nexus' insurance application. *Fid. & Guar. Ins. Underwriters, Inc.*, 540 F.3d at 139.

**II. Falls Lake's Motion for Default Judgment**

Falls Lake also seeks a declaration that the insurance policies are rescinded *ab initio* through a motion for default judgment against Nexus, Tho Binh Phan, United King Construction Corp., and Huan Da Xian Taoist Temple, Inc. The Court has already concluded that the merits of Falls Lake's claim entitle it to such a declaration. Falls Lake's motion for default judgment is therefore moot. *See generally Starker v. Spirit Airlines*, No. 17-CV-6812, 2019 WL 4194572, at *9 (S.D.N.Y. Sept. 3, 2019) (denying a default judgment motion as moot given its grant of summary judgment); *Nw. Mut. Life Ins. Co. v. Lisowski*, No. 07-CV-6619, 2009 WL 4639644, at *3 (S.D.N.Y. Dec. 7, 2009) (same).

**CONCLUSION**

For the foregoing reasons, Falls Lake's motion for summary judgment is granted. The Court declares that insurance Policy Numbers SKP2007005 10 and SKP2007005 11 are rescinded *ab initio*. Falls Lake's motion for default judgment against Nexus, Tho Binh Phan, United King

Construction Corp., and Huan Da Xian Taoist Temple, Inc. is denied as moot. The Clerk of Court is respectfully directed to terminate the motion pending at ECF Number 58 and close this case.

Dated: February 21, 2024
New York, New York

Ronnie Abrams
United States District Judge